**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOEL BARCELONA,**

    **Plaintiff,**

vs.                                                      Case No.: 4:23-CV-00078-MW-MAF

**DR. KHAWAJA,**
**et al.,**

    **Defendants.**

_____/

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding *pro se* initiated this civil rights case, pursuant to 42 U.S.C. § 1983 and filed a motion to proceed *in forma pauperis* (IFP), which is due to be denied. ECF Nos. 1, 2. Plaintiff is a "three-striker" under the Prison Litigation Reform Act (PLRA). This is his twenty-fifth case.

The Court screened the complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construes Plaintiff's allegations liberally. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). After careful consideration, for the reasons stated below, this case should be dismissed as malicious because Plaintiff affirmatively misrepresented his litigation history and for failure to exhaust his administrative remedies.

**I. Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted

where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders," and the Court may dismiss a claim without prejudice even for a minor violation of a court order. Id.; see also Dynes v. Army Air Force Exch. Serv., 720 F. 2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

This court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in

Case No. 4:23-CV-00078-MW-MAF

which a plaintiff has maliciously abused the judicial process warrants dismissal.[1]

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sues five prison physicians: Dr. Bassa, Dr. King, Dr. Lee, Dr. Salman, and Dr. Khawaja. ECF No. 1, pp. 2-3, 7. Plaintiff also sues Centurion, the medical provider for the prison. Id., p. 7. Plaintiff does not indicate whether he is suing Centurion and Dr. King in their individual- or official capacities but sued all others in both capacities. Id., pp. 2-3, 7.

Plaintiff had multiple gastrointestinal issues ("incarcerated stomach, hernia and aneurysms") beginning on August 18, 2022. Id., p. 9. Prison officials transported Plaintiff to a Jacksonville hospital; he was admitted and had a surgical procedure the next day. Id. ARNP Noles informed Plaintiff he would need another surgery to repair the aneurysms. Id.

On August 30, 2022, Plaintiff went to Lake Butler RMC to remove the surgical staples but was not provided pain medication. Id. During September, Plaintiff returned to Lake Butler RMC for a colonoscopy, which was not done, and for other appointments related to the aneurysms. Id. Dr. Khawaja,

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

Case No. 4:23-CV-00078-MW-MAF

concerned about whether Plaintiff had a family history of cardiac problems, said he would refer Plaintiff to Dr. Salman to get approval before performing the surgery. Id., p. 11. A week later, ARNP Noles told Plaintiff he had an appointment with Dr. Salman. Id. By November 8, 2022, Plaintiff was told the appointment was canceled. Id. Plaintiff had other medical appointments on November 14th and 15th, which were also canceled. Id.

Eventually, on November 22, 2022, Plaintiff met with Dr. Salman who said he would refer Plaintiff for surgery to repair the aneurysms. Id., p. 13. On December 5, 2022, Plaintiff met with Dr. Khawaja who said, "I am going to do surgery to repair your aneurysms." Id. Before surgery, Plaintiff needed a stress test on December 20, 2022. Id. On January 12, 2023, Plaintiff learned he passed the stress test and was waiting for the surgery schedule. Id. On February 1, a nurse told Plaintiff they were waiting for the surgery schedule. Id. On February 10, a nurse ordered Plaintiff to stop taking all medications. Id., p. 15. Plaintiff had blood and urine tests on February 14, 2023. Id. The next day, medical staff told Plaintiff, "wrong schedule." Id.

Plaintiff alleges deliberate indifference to a serious medical condition in violation of the Eighth Amendment. Id., p. 3. Plaintiff seeks compensatory

damages for pain and suffering totaling $5,000,000; $5,000,000, in punitive damages; and immediate hospitalization. Id., p. 17, 19.

Plaintiff admits he did not file any prison grievances on this matter and is filing this complaint directly with the court to receive "immediate action in order to save my life." Id., pp. 18, 21. More importantly, on the complaint form, Plaintiff denied having any "strikes"; and, as for the questions relating to any lawsuits that challenged the conditions of his imprisonment, he gave no response. Id., pp. 22-24.

Plaintiff's complaint is not on the proper form; he used the 2016 version. Because Plaintiff only provides a set of facts relating to Defendants Salman and Khawaja, and no acts or omissions are attributed to any of the other defendants, the complaint is a shotgun pleading. Although ordinarily a plaintiff would be granted opportunity to properly amend, the court should forgo that courtesy for two reasons: (1) Plaintiff made affirmative misrepresentations regarding his litigation history and (2) Plaintiff admits he failed to exhaust his administrative remedies.

Plaintiff was required to respond truthfully to questions about his prior litigation history including any appeals. This court previously dismissed one of Plaintiff's cases for the same reason. See Barcelona v. Maddox, et al.,

N.D. Fla. No. 5:18-cv-00187-MCR-GRJ. Still, Plaintiff did not list any of his federal cases in this complaint. Id.

### III. Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 2, is Denied.

As a preliminary matter, Plaintiff's IFP motion is due to be denied because it is incomplete. ECF No. 2. Plaintiff filed the motion along with numerous inmate account statements; however, the statement from August 2022 is missing. Id., pp. 5-31. In addition, the requisite financial certificate is not signed by an authorized prison official verifying Plaintiff's current account balance and the average monthly balances and deposits for the preceding six months. Id., p. 4.

Plaintiff initiated this case on February 16, 2023. ECF No. 1. The relevant six-month period is **August 16, 2022, through February 16, 2023**. Without this information, the court cannot determine if Plaintiff is eligible to proceed IFP, even if Plaintiff properly alleged "imminent danger of serious physical injury" as required by 28 U.S.C. § 1915(g). Accordingly, Plaintiff's motion is denied without prejudice.

### IV. Plaintiff's Affirmative Misrepresentations

On the 2016 complaint form, Section VIII explains:

> The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. 1915(g).

The section asks, "To the best of your knowledge have you had a case dismissed based on this "three strikes rule"?" ECF No. 1, p. 22. Plaintiff responded, "No." Id. Plaintiff's statement is false. Plaintiff received "three strikes" from the following cases: Barcelona v. Fogelgren, et al., S.D. Fla. No. 1:15-cv-23983-PCH (dismissed for failure to state a claim); Barcelona v. Rodriguez, et al., S.D. Fla. No. 2:19-cv-14461-KMM (dismissed for failure to state a claim); and Barcelona v. Burkes, et al., N.D. Fla. No. 3:20-cv-05356-MCR-GRJ (dismissed for failure to state a claim).

Next, Question C asks, "Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your confinement?" Id., p. 23. Plaintiff left the entire section blank. As stated above, this is Plaintiff's twenty-fifth federal case. Plaintiff filed numerous civil rights actions challenging the conditions of his confinement in this court, the Southern District of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court of the United States. This Report will not list all of Plaintiff's cases because the court will not assume Plaintiff's responsibility to disclose them. It is sufficient to say that Plaintiff did not disclose the "three strikes" or the case that was

Case No.  4:23-CV-00078-MW-MAF

dismissed, in part, for failure to properly disclose his litigation history. See Barcelona v. Maddox, et al., N.D. Fla. No. 5:18-cv-00187-MCR-GRJ, ECF Nos. 4, 23.

Prisoners are required to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under §§ 1915(E)(2)(B)(i) and 1915(b)(1). See Ealy v. CCA, 2015 U.S. Dist. LEXIS 173850, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). When an action is dismissed for abuse of the judicial process, it counts as a strike for Section 1915(g) purposes. Pinson v. Grimes, 391 F. App'x 797, 799 (11th Cir. 2010) (unpublished).

As a matter of course, the court attempts to make an independent investigation into whether litigants truthfully complete this section of the form. The time spent verifying the cases a plaintiff filed but failed to identify, as well as the claims raised in those cases and the final disposition can be considerable. A *pro se* prisoner's affirmative misrepresentations of his litigation history will not be tolerated. Plaintiff was required to disclose his

Case No. 4:23-CV-00078-MW-MAF

litigation history under the penalty of perjury. Plaintiff's *pro se* status does not excuse him from conforming to the Rules. If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The court will not tolerate false responses or statements in any pleading or motion filed before it.

Here, Plaintiff knew that accurate disclosure of his litigation history was required, and dismissal of the instant action might result from any untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. This court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Shelton v. Rohrs, 406 F. App'x 340, 340-41 (11th Cir. 2010)

Case No. 4:23-CV-00078-MW-MAF

(affirming dismissal where prisoner failed to disclose four previous civil actions, finding that even if prisoner did not have access to his legal materials, he would have known that he filed multiple previous lawsuits).

## V.     Failure to Exhaust Administrative Remedies

Dismissal is appropriate when, on the face of complaint, it is evident a plaintiff failed to exhaust his administrative remedies. The PLRA mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement of § 1997e(a) is mandatory, and courts do not have "discretion to waive the exhaustion requirement." Jones v. Bock, 549 U.S. 199, 211 (2007). Exhaustion promotes efficiency and permits an agency "to correct its own mistakes" prior to being "haled into federal court." Woodford v. Ngo, 548 U.S. 81, 89 (2006). To discourage disregard of an agency's procedures and improve the quality of prisoner suits, the Supreme Court concluded that prisoners must properly exhaust a prison system's grievance process. Woodford, 548 U.S. at 90-91 (holding that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively

without imposing some orderly structure on the course of its proceedings"). Thus, prison officials must have "time and opportunity to address complaints internally before allowing the initiation of a federal case." Id., at 93 (citing Porter v. Nussle, 534 U.S. 516 (2002)).

Plaintiff is required by law to exhaust his administrative remedies before initiating a Section 1983 action not after filing the complaint in federal court. Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998). See also Johnson v. Jones, 340 F.3d 624 (8th Cir. 2003) ("In considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.").

In Jones, the Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones, 549 U.S. at 216. Still, while exhaustion is not a pleading requirement, *sua sponte* dismissal is appropriate if it is apparent from the face of the complaint an inmate failed to exhaust the prison grievance procedure. Id., at 215. When an affirmative defense is apparent from the face of the complaint, "courts need not wait and see if the defense will be asserted in a defensive pleading."

Case No. 4:23-CV-00078-MW-MAF

Miller v. Woodham, 2006 U.S. App. LEXIS 9035, at *3, 2006 WL 955748, (11th Cir. Apr. 12, 2006) (citation omitted).

As narrated above, Plaintiff acknowledged that the prison has grievance procedures but admitted he did not file any because he wanted to bypass the process; Plaintiff believes his medical condition demands "immediate action in order to save [his] life." ECF No. 1, pp. 18, 21-22. This court is not unsympathetic to Plaintiff's health problems, but because exhaustion is a precondition to filing this lawsuit, the case must be dismissed.

Plaintiff will not be prejudiced by this dismissal. He may choose to initiate a new case presenting his claims in a complaint that follows the Rules governing these cases, that truthfully discloses his litigation history, and is filed after he exhausts his administrative remedies. That case, if filed, is subject to a new case number and filing fee. Plaintiff is advised that because he is a "three striker," motions to proceed *in forma pauperis* will not be granted "unless . . . [he] is in imminent danger of serious physical injury" at the time the case is initiated. 28 U.S.C. § 1915(g).

## VI.   Conclusion and Recommendation

1.   Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 2, is **DENIED WITHOUT PREJUDICE**. The remainder of the case is deferred to the presiding judge with the recommendation below.

Case No.  4:23-CV-00078-MW-MAF

2. For the reasons stated, it is respectfully **RECOMMENDED** that the case be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) as malicious because Plaintiff made affirmative misrepresentations relating to his litigation history and failed to exhaust his administrative remedies. The case should be **CLOSED** with an Order adopting this Report and Recommendation directing the Clerk of Court to note on the docket that this cause was **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** this 3rd day of March, 2023.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).